### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:22CR700 |
| | : | |
| Plaintiff, | : | JUDGE DONALD C. NUGENT |
| | : | |
| -vs- | : | |
| | : | **MOTION FOR COMPASSIONATE** |
| DONNESHA JONES, | : | **RELEASE** |
| | : | |
| Defendant. | : | |

Under 18 U.S.C. § 3582(c)(1)(A), Donnesha Jones requests that the Court reduce her sentence to time served. Ms. Jones presents extraordinary and compelling reasons warranting a reduced sentence—her need for necessary medical treatment to terminate her pregnancy, which authorities have indicated is not permitted while she is in custody.

On February 6, 2025, Ms. Jones admitted to violating the conditions of her supervised release by testing positive for controlled substances, failing to attend a scheduled urine screen, and leaving inpatient treatment. *See* R. 48, Order. The Court revoked her supervised release and sentenced her to ten months in custody, with no supervision to follow. *Id.*

At that hearing, Ms. Jones informed the Court that she was pregnant and had an appointment scheduled to terminate her pregnancy. The Court indicated that Ms. Jones would need to request those services through the facility where she was held.

Ms. Jones is currently held at the Mahoning County Jail. Ms. Jones requested medical services to terminate her pregnancy through the Mahoning County Jail. That request was forwarded to the U.S. Marshals Service. The U.S. Marshals Service has indicated that, per the

1

recent Executive Order 14182 prohibiting the use of taxpayer funds for abortion services, it intends to deny Ms. Jones's request.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a person's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issue by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statements in Guidelines § 1B1.13(b) state that "extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," including:

    (1)    <u>Medical Circumstances of the Defendant</u>.—

        (B)    The defendant is—

            (i)    suffering from a serious physical or medical condition,

        . . .

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

        (C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

. . .

    (5)    <u>Other Reasons</u>.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S. Sentencing Guidelines Manual § 1B1.13. Each of these circumstances are present here—Ms. Jones has a serious physical condition for which she can not provide the needed self-care, she requires specialized medical care that is not being provided and that threatens her health, and she presents a combination of circumstances similar in gravity to those listed. Given the time she has

served already and her extraordinary and compelling circumstances, the applicable section 3553(a) factors warrant reducing her sentence to time served.

Under 18 U.S.C. § 3582(c)(1)(A), a person may file a motion for a reduced sentence after making a request to the warden at their facility and waiting 30 days. *See* 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has held that this is a "mandatory claim-processing rule," *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020), which must be enforced if invoked but "may be waived or forfeited," *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017). The Government has indicated that it does not intend to invoke this rule and that it takes no position on Ms. Jones's request. Thus, the motion is ripe for the Court's immediate decision.

For these reasons, Ms. Jones requests that the Court grant her motion and reduce her sentence to time served.

    Respectfully submitted,

    STEPHEN C. NEWMAN
    Federal Public Defender
    Ohio Bar: 0051928

    */s/ Christian J. Grostic*
    CHRISTIAN J. GROSTIC
    Assistant Federal Public Defender
    Ohio Bar: 0084734
    1660 West Second Street, Ste. 750
    Cleveland, OH 44113
    Telephone: 216-522-4856 Fax: 216-522-4321
    E-mail: christian_grostic@fd.org