UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 1:22 CR 700 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DONNESHA JONES,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendant.** | ) | |

On February 6, 2025, Defendant, Donnesha Jones, admitted to violating the conditions of her supervised release by testing positive for controlled substances, failing to attend a scheduled urine screen, and leaving inpatient treatment. The Court revoked her supervised release and sentenced her to ten months in custody, with no supervision to follow. (Docket #48.)

At that hearing, Ms. Jones informed the Court that she was pregnant and had an appointment scheduled to terminate her pregnancy. The Court indicated that Ms. Jones would need to request those services through the facility where she was held.

Ms. Jones is currently being held at the Mahoning County Jail and has not yet been designated to a Bureau of Prisons facility. Ms. Jones requested medical services to terminate her pregnancy through the Mahoning County Jail. That request was forwarded to the U.S. Marshals Service. The U.S. Marshals Service indicated that Executive Order 14182 prohibits the use of taxpayer funds for abortion services and, therefore, that it intends to deny Ms. Jones' Request.

On March 11, 2025, Ms. Jones filed a Motion for Compassionate Release (Docket #51), requesting that the Court reduce her sentence to time served, citing her need for necessary medical treatment to terminate her pregnancy. The Government has indicated that it does not intend to challenge Ms. Jones' Motion on exhaustion grounds and that it takes no position on her request.

The Court may reduce a defendant's term of imprisonment if, after considering the factors set forth in 18 U.S.C. §3553(a), to the extent they are applicable, it determines three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and, (3) that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. §1B1.13(a)(1)(A), (2),(3). A "compassionate release decision is discretionary, not mandatory." *United States v. Jones,* 980 F.3d 1098, 1106 (6th Cir. 2020).

In November of 2023, the Sentencing Commission revised its policy statement addressing the circumstances that should be considered "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. §3553(a). The revisions expanded the potential for relief based on a defendant's medical condition to include medical conditions that require "long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. §1B1.13(b)(1)(C).

Compassionate release is unwarranted under the facts and circumstances of this case. However, 18 U.S.C. § 3622(a)(3), entitled "Temporary release of a prisoner," allows the Bureau of Prisons to release a prisoner for medical treatment, providing in pertinent part as follows:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a

prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to –

> (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of —
>
> * * *
>
> (3) obtaining medical treatment not otherwise available

18 U.S.C. § 3622(a)(3).

Although Ms. Jones is still in the Custody of the U.S. Marshals Service, temporarily housed at the Mahoning County Jail and awaiting designation to a Bureau of Prisons Facility, the application of 18 U.S.C. § 3622(a)(3) under the circumstances is warranted and appropriate.

### Conclusion

The U.S. Marshals Service shall temporarily release Ms. Jones from the Mahoning County Jail for fourteen (14) days so that she may obtain medical treatment not otherwise available.

Ms. Jones shall be released from the Mahoning County Jail on Friday, March 14, 2025 at or after 8:00 a.m. Ms. Jones shall return to the Mahoning County Jail no later than Friday, March 28, 2025 at 12:00 p.m.

Ms. Jones Motion for Compassionate Release (Docket #51) is hereby DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: March 12, 2025